THE CITY OF CLAY CENTER v. THE CLAY CENTER LIGHT AND POWER COMPANY.*

No. 15,704.   (97 Pac. 377.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Legality—Specific Performance.* A provision in a contract which is contrary to law can not be enforced in an action for specific performance.

2. ——— *Franchise — Duration — Statutory Authority of the City.* On April 22, 1886, the mayor and council of a city of the second class could not, under the authority of section 1000 of the General Statutes of 1901, bind the city in an ordinance granting a franchise to an electric-light company to extend such franchise beyond the period of twenty-one years.

3. ——— *Provision to Extend Franchise or Purchase Plant Invalid.* An ordinance granting a franchise, as before stated, containing a provision compelling the city to purchase the electric-light plant at the expiration of twenty-one years in case of refusal to extend the franchise, is contrary to law and void.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed June 6, 1908. Reversed. Opinion denying a petition for a rehearing filed October 10, 1908.

STATEMENT.

THIS is a suit to compel the specific performance of a contract. The contract sought to be enforced consists of an ordinance passed by the city of Clay Center, the provisions of which have been performed by the

---

* Taken to the supreme court of the United States on a writ of error allowed October 31, 1908, and dismissed by that court, on January 11, 1909, for the want of jurisdiction.

defendant in error. The ordinance was enacted April 22, 1886. The provisions thereof which are involved in this controversy read:

"SECTION 1. *Franchise, Grant of.* That Alonzo F. Dexter, of Clay Center, Kan., his successors and assigns, are hereby granted the right of way and authorized to use the streets, avenues, alleys and public grounds of this city for the purpose of erecting and maintaining posts and running wires thereon for the conveyance of electricity to furnish light and power for the use of the said city and its inhabitants.

"SEC. 9. *Term of Franchise.* That the rights and privileges hereby granted are for a term of twenty-one years. . . . Provided, further, that if at the expiration of twenty-one years the city shall refuse to grant a further continuance of these privileges the said city shall purchase said works at their appraised value, the same to be appraised by three disinterested electors of the state of Kansas, one of whom shall be chosen by the city, one by Alonzo F. Dexter, his successors and assigns, and the two so chosen shall select a third, and the amount agreed upon, upon their oath, by the three so chosen shall be the price to be paid therefor."

The power of the city to enact this ordinance is found in section 1000 of the General Statutes of 1901, which was in force when the ordinance was passed by the city council. That section reads:

"The council may provide for and regulate the lighting of the streets, and the erection of lamp-posts, and the numbering of buildings in the city, and the construction of sewers; and the council shall have power to make contracts with any person, company or association for such purposes, and give such person, company or association the privilege of furnishing light for the streets, lanes or alleys of said city for any length of time not exceeding twenty-one years."

The franchise granted to Dexter was by him assigned to, and it is now owned by, the defendant in error. At the expiration of the twenty-one years the city refused to grant any further continuance of the franchise, and also refused to purchase the light plant, but determined to erect a new plant and furnish its own light. The

light company then commenced this suit in the district court of Clay county to compel the city to purchase the plant as stipulated in the ordinance, and it obtained a decree to that effect. The city prosecutes error.

*F. P. Harkness, F. B. Dawes,* and *C. P. Rutherford,* for plaintiff in error.

*Chiles C. Coleman,* and *Frank L. Williams,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: Many important and interesting questions have been ably and exhaustively discussed by counsel, both in the briefs and the oral argument, but we have concluded that the case can be disposed of by the decision of a single question, and will, therefore, consider nothing further.

It will be seen that the statute which conferred the authority under which this franchise was granted expressly limits the duration of such grant to twenty-one years. It is needless, therefore, to inquire what power the city might have had under the general-welfare clause of its charter with respect to providing electric light for its streets, lanes and alleys and for the use of its inhabitants in the absence of a statute upon that subject, nor what rights it might have had under the general-welfare clause and this statute taken together, if the restrictive clause had been omitted. The limitation against granting such a franchise for a period exceeding twenty-one years amounts to an absolute prohibition, which is conclusive upon the city and all other persons. Both of the parties to this franchise were bound to take notice of the law under which they acted, and must be held to have contracted with reference thereto.

The city council, being without authority to grant the franchise for a period exceeding twenty-one years when the ordinance in question was enacted, was likewise powerless to impose a valid burden upon the city

as a penalty for refusing to do the act which the statute prohibited it from agreeing to do. That which the city was forbidden to do directly it could not accomplish by evasion and indirection. The evident purpose of the limitation placed upon the continuance of franchises of this kind was to give cities an opportunity at reasonable intervals to revise the provisions thereof, and thereby secure by the terms of a new contract such advantages as might result from the growth of the city and the consequent increased demand for light and power, or on account of improved appliances for lighting plants or otherwise. The language here used is: "If at the expiration of twenty-one years the city shall refuse to grant a further continuance of these privileges the said city shall purchase," etc. This completely deprivés the city of an opportunity to stipulate for any change in the terms or conditions of the contract, and enforces a perpetuation of the old franchise, however disadvantageous its provisions might be to the city. In this indirect manner the object of the statute is rendered nugatory. The provision of the statute limiting the life of the franchise presents a complete bar to the enforcement of this provision of the contract. These propositions are too familiar and elementary to justify the citation of authorities in their support.

The judgment of the district court is reversed, with instructions to enter judgment for costs in favor of the city.

---

OPINION DENYING A PETITION FOR A REHEARING.

*Per Curiam:* A petition for a rehearing has been filed in this case and we have carefully reëxamined the questions involved, but see no adequate reason for a rehearing.

In an amendment to the petition for a rehearing it is urgently insisted, for the first time, that the decision

.as it stands will deprive the defendant in error of its rights under the constitution of the United States, but it is now too late for this question to be considered.

The petition is denied.